KENT L. IVEY, NSB #8128  E filed: March 16, 2011
LAW OFFICES OF KENT L. IVEY
64 N. Pecos Road, Suite 800
Henderson, Nevada 89074-7351
Telephone:  (702) 990-6447
Facsimile:   (702) 990-6445
Email:  iveynet@earthlink.net

Attorneys for: Debtor's Stoddart

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF  NEVADA

| | |
|---|---|
| In Re:  RAYMOND STODDART, SR. & VERA STODDART Debtors. | BK Case No.10-33156-lbr |
| | Chapter 7 |
| HSBC BANK USA, NATIONAL ASSOCIATION, as TRUSTEE for WELLS FARGO HOME MORTGAGE 2007-M14, <br><br>                 Movant,<br><br>vs.<br><br>RAYMOND STODDART, SR. & VERA STODDART,<br><br>                 Respondents. | **DEBTOR'S RAYMOND STODDART & VERA STODDART OPPOSITION TO HSBC BANK USA, NATIONAL ASSOCIATION'S MOTION FOR RELIEF FROM STAY; DECLARATION IN SUPPORT OF OPPOSITITION AND OF REQUEST FOR ATTORNEY'S FEES**<br><br>Motion Setting:<br>Date:  April 11, 2011<br>Time:  10:30 a.m.<br>Ctrm:  1 |

**NOW COMES** Debtors RAYMOND STODDART, SR. & VERA STODDART (hereinafter referred to as "Debtors") and submits the following opposition to Movant's Motion for Relief From Stay:

1

DEBTOR'S OPPOSITION TO MOVANT'S MOTION FOR RELIEF FROM STAY

# I

## INTRODUCTION/STATEMENT OF THE CASE

On or about March 8, 2011, the Movant's electronically filed (hereinafter referred to as "e-filing or e-filed") its Motion for Relief From Stay.

The Movant's Motion assertions and Exhibits lack foundation as there is no declaration showing personal knowledge of the assertions as well as authenticating the documents attached.

Further, movant failed to comply with Local Bankruptcy Rule 4001(a)(2) in not responding in good faith to a response to movant's 48 hour letter (see Declaration of Kent L. Ivey, attached, Page 2, Paragraph 3, Lns 1-3.

Finally, the 362a Information Sheet is signed by the Movant's attorney and there is no evidence he has personal knowledge of the unsupported assertions contained therein.

# II

## THE MOVANT HAS FAILED TO MEET ITS BURDEN OF PRODUCING EVIDENCE

> "A creditor seeking relief from the automatic stay has the burden of producing evidence to make a prima facie case that the creditor is entitled to relief from stay. *See, e.g., In re Setzer*, 47 B.R. 340, 345 (Bankr. E.D.N.Y. 1985); *In re Fazio*, 41 B.R. 865, 867 (Bankr. E.D.Pa. 1984); *In re Heinzeroth,* 40 B.R. 518, 520 (Bankr. E.D.Pa. 1984). A creditor cannot obtain relief from stay with no evidence whatever, and with only unsupported allegations. *Cf. In re Curtis* 40 B.R. 795, 803 (Bankr. D.Utah 1984). A debtor need not offer evidence of adequate protection unless the creditor has established a prima facie case. *In re Royce* 32 B.R. 63, 64 (Bankr. M.D.Pa. 1983)."
>
> <u>In re Kim</u> (C.D. Cal. 1987) 71 B.R. 1011, 1015

"What constitutes a prima facie case for relief from stay turns on the grounds upon which relief from stay is sought. Where, as here, relief from stay is grounded in cause, based on lack of post-confirmation maintenance payments, the moving creditor must establish a prima facie case supporting the cause for relief from the automatic stay. Such a prima facie case must include: (1) a showing of an obligation owing by the debtor to the creditor; (2) a valid security interest as to which relief from stay is sought, *In re Wolsky*, 53 B.R. 751, 757 (Bankr.D.N.D. 1985); (3) the cause justifying relief from stay, such as the post-petition or post-confirmation default.

Unsupported allegations are not evidence to support a creditor's burden. *In re Wolsky*, supra. Such allegations do not make a prima facie case, absent supporting evidence, even where the relief from stay motion is unopposed. The moving party must submit proof, in the form of declarations or other admissible evidence, to support each of the elements of the prima facie case.

Because relief from stay applications are brought by motion, the moving party is required to attach the supporting evidence to the moving papers.[fn2] This Court has specified the required evidence in its general order governing cases under Chapter 13, which provides in paragraph 21 as follows:

Declaration(s) based on personal knowledge or other admissible evidence setting forth the factual basis for relief shall be included [in the moving papers].

The moving papers by the holder of a trust deed shall specify:

a) the date of filing of the Chapter 13 petition;

b) the date of confirmation of the plan (if the plan has been confirmed);

c) the amount of the monthly maintenance payment at issue;

d) the date of post-petition or post-confirmation default;

e) the total amount of the post-petition or post-confirmation payments (principal and interest) in default as of the date of filing of the motion, and due as of the date of hearing, and the total amount of any other post-petition charges due as of each of these dates;

3

DEBTOR'S OPPOSITION TO MOVANT'S MOTION FOR RELIEF FROM STAY

   f) the date of recording of notice of default (if any);

   g) the scheduled date, place and time of sale by moving party (if notice of sale has been published);

   h) the identity of the original lien-holder, if different from the moving party;

   i) information on junior and senior encumbrances and the current status of each (if available)."

Id. at 1016-1017.

In the case at bar, there is no declaration from any person with personal knowledge of the facts, or from a custodian of records. There is merely assertions and allegations from the Movant's attorney.

The Exhibits lack any declaration of authentication or foundation.

The 362 Informational Sheet is suspect as it is filled with hearsay statements from the Movant's attorney.

There is no admissible evidence presented with the Movant's motion; said evidence is required to be attached to the moving papers.

In Re Vinhnee (9th Cir. BAP 2005) 336 B.R. 437, is directly on point with its analysis of the essential elements needed to authenticate business records, and with reference to computerized records, specifically.

In Vinhnee, Judge Bufford, refused to admit the electronic business records because he concluded that the defective evidentiary foundation was not cured by the supplemental materials. The declaration did not establish the declarant's qualifications to testify. Id. at 442.

The Court in Vinhnee, reviewed the elements of Federal Rules of Evidence § 803(6), at Page 444, the four elements are a must according to the Vinhnee decision. Id.

The Vinhnee Court goes further, and says the records will not be admitted unless the court is also persuaded by their proponent that they are authentic. The

issue is on what has, or may have, happened to the record in the interval between when the record was placed in the files and the time of trial. Id.

The Vinhnee Court, further explains the additional requirements for a proper foundation for electronic records. The Court discussed the need to have testimony or a declaration that goes into the witness' understanding of the computer hardware, software, polices and procedures relating to the software, and whether the computer equipment was regularly tested for errors. Id. at 445.

The movant's motion completely ignores these foundational requirements; this after Vinhnee lays out step-by-step "what is required" including the Imwinkelried eleven-step foundation for computer records. Id. at 446.

Here unlike in Vinhnee, there is no foundational declaration; in Vinhnee, the declarant, although flawed, at least stated he was personally familiar with the hardware and software and the computer record-keeping system. Id. at 448.

The Vinhnee Court concluded that the trial court did not know whether the declarant was a seasoned professional manager of computer records or a janitor. Id. at 448.

Here we have no declaration, not even from the Movant's janitor. The Movant has wholly failed to provide a sufficient foundation to admit the records attached to the motion.

Additionally, it is unclear whether Mr. Wilde has actual personal knowledge of the information within the 362 Information Sheet or was provided the information by his client.

### III

### CONCLUSION

For the foregoing reasons, Debtors hereby respectfully request that this Honorable Court deny the movant's motion, award reasonable attorneys fees and

5

DEBTOR'S OPPOSITION TO MOVANT'S MOTION FOR RELIEF FROM STAY

1 costs of $837.50 (as set forth in the attached Declaration of Kent L. Ivey) for having to
2 oppose a motion void of admissible evidence.

4 Dated: March 16, 2011                    Respectfully submitted,
5                                          LAW OFFICES OF KENT L. IVEY

7                                          By: __/s/ Kent L. Ivey_____
                                                KENT L. IVEY, for Debtors

DEBTOR'S OPPOSITION TO MOVANT'S MOTION FOR RELIEF FROM STAY

**KENT L. IVEY, NSB NO. 8128**  E-Filed: March 16, 2011
**LAW OFFICES OF**
**KENT L. IVEY**
**64 N. Pecos Rd,. Suite #800**
**Henderson, NV 89074**
**Telephone (702) 990-6447**
**Facsimile: (702 )990-6445**
**E-mail: iveynet@earthlink.net**

Attorney for Bankruptcy Debtors

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA, LAS VEGAS DIVISION

| | |
|---|---|
| In Re: <br><br> RAYMOND STODDART & VERA STODDART, <br><br> Debtors. | BK Case No.10-33156-lbr <br><br> Chapter 7 <br><br> **DECLARATION OF KENT L. IVEY IN SUPPORT OF DEBTOR'S OPPOSITION AND REQUEST FOR ATTORNEY'S FEES** <br><br> Motion Setting: <br> Date: April 11, 2011 <br> Time: 10:30 a.m. <br> Ctrm: 1 |

I.  KENT L. IVEY declare:

1.  That I am an Attorney at Law, duly admitted and licensed to practice law before all Courts in the State of Nevada, and am now practicing in the Law Offices of Kent L. Ivey, located at 64 N. Pecos Road, Suite 800, Henderson, NV 89074.  That the Law Offices of Kent L. Ivey are the attorneys of record for Debtor's RAYMOND STODDART & VERA STODDART.

1

DECLARATION OF KENT L. IVEY

2. The facts set forth herein are my own personal knowledge, and if called upon to be a witness herein, I would and could competently testify thereto.

3. That on or about March 3, 2011, my office received, via e-mail, a letter from Movant's attorneys. A true and correct copy of the letter is attached hereto as Exhibit A, and incorporated herein by this reference.

4. On that same day, at approximately 12:57 p.m., your declarant telephoned Mr. Wilde regarding the 48 hour letter. Mr. Wilde was not available so I left a message to call my cell and explained the status of the Chapter 13 vis-à-vis Mr. Wilde's client. The only word received was the filing of the current motion for relief from stay.

5. That I currently charge an hourly rate for opposing relief from stay matters. My current hourly charge is $335.00 per hour and I spend approximately an hour and a half on the preparation of the opposition to the motion and estimate that I will spend approximately one hour preparing and attending the hearing on this matter. The total amount of attorney's fees are estimated to be $837.50.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct, and this Declaration was executed on March 16, 2011 in the City of Henderson, County of Clark, Nevada.

/s/ KENT L. IVEY
KENT L. IVEY,
Declarant

2
DECLARATION OF KENT L. IVEY

EXHIBIT A



**TIFFANY & BOSCO P.A.**

Gregory L. Wilde
Attorney at Law
702-258-8200
glw@tblaw.com

Offices in:
Las Vegas, Nevada
Phoenix, Arizona

**Attorneys At Law**
**NEVADA OFFICE**
Helene C. Lester
Michael W. McKelleb
Matthew K. Schriever
Kevin S. Soderstrom
Gregory L. Wilde

**ARIZONA OFFICE**
Mark S. Bosco
Michael A. Bosco, Jr.
Lance R. Broberg
Paul D. Cardon
Darren T. Case
David L. Case
J. James Christian
J. Daryl Dorsey
Tina M. Ezzell
William H. Finnegan
William M. Fischbach III
Beth A. Heath
Richard G. Himelrick
Christopher R. Kaup
Robert V. Kerrick
Pamela L. Kingsley
Todd T. Lenczycki
Stephen P. Linzer
Aaron T. Lloyd
May Lu
Leonard J. Mark
J. Lawrence McCormley
Leonard J. McDonald
Tracy S. Morehouse
Kevin P. Nelson
Richard E. Oney
Dow Glenn Ostlund
James P. O'Sullivan
Alexander Poulos
Robert A. Royal
Shahpar Shahpar
William J. Simon
Sean P. St. Clair
Benjamin A. Thinnes
Michael E. Tiffany

March 3, 2011

**Via E-Mail:  iveynet@earthlink.net**
Kent L. Ivey
64 N. Pecos Road #800
Henderson, NV  89074

RE:   HSBC Bank USA, National Association, as Trustee for WFHM 2007-M14 v. Stoddart, Sr.
      Notice of Default and Acceleration
      Property Address:  4480 Draga Place , Las Vegas NV 89115
      Our File No. 10-74768
      BK Case No: 10-33156-lbr

Dear Kent L. Ivey:

The purpose of this letter is to provide you with written notice, pursuant to Bankruptcy LR 4001(a)(3), that your client is in default.  This communication is required pursuant to the above mentioned local rule by the U.S. Bankruptcy Court of Nevada and therefore, is in no way a violation of the automatic stay.

This letter is to advise you that our office has been retained by HSBC Bank USA, National Association, as Trustee for WFHM 2007-M14, beneficiary of the Deed of Trust, which is a lien on the subject property.

The following is a breakdown of the amount due:

| | |
|---|---|
| 3 Monthly Payments at $735.30 | $2,205.90 |
| (January 1, 2011 - March 1, 2011) | |
| 2 Late Charges at $32.13 | $64.26 |
| (January 1, 2011 - February 1, 2011) | |
| Attorneys Fees | $200.00 |
| Total   $2,470.16 | |

Please contact our office within forty-eight (48) hours from the date of this notice, should your client wish to settle this matter prior to filing the Motion for Relief.  Should our office not receive a response from you by March 7, 2011 our office will immediately proceed with a Motion for Relief.

www.tblaw.com

212 South Jones Boulevard      702.258.8200  Phone
Las Vegas, Nevada 89107        702.258.8787  Fax

## PROOF OF SERVICE

I am a resident of the county aforesaid, I am over the age of eighteen (18) years of age and am not a party to the within entitled action; my business address is 64 N. Pecos Road Suite 800 Henderson, NV 89074.

On, March 16, 2011, I served the within, **DEBTOR'S RAYMOND STODDART & VERA STODDART OPPOSITION TO HSBC BANK U.S.A., NATIONAL ASSOCIATION'S MOTION FOR RELIEF FROM STAY; DECLARATION IN SUPPORT OF OPPOSITION AND REQUEST FOR ATTORNEY'S FEES,** on the interested parties in said action, by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Henderson, Nevada, addressed as follows:

**ECF System:**
**Gregory L. Wilde on behalf of HSBC Bank, USA**
**bk@wildelaw.com**

**Kathleen Leavit, Ch 13 Trustee**
**courtsecf@las13.com**

**AND SEE ATTACHED MAILING LIST**

[X]   (BY MAIL) I am "readily familiar" with the firm's practice
        of collecting and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Henderson, Nevada, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   (BY EXPRESS MAIL:  FEDERAL EXPRESS)
        By delivering copies to Federal Express, fee pre-paid to the above-referenced
         office.
[ ]   (BY PERSONAL SERVICE)
        [ ]  By personally delivering copies to the person served.

        [ ]  I delivered such envelope by hand to the offices of
                the addressee pursuant to California Code of Civil
                Procedure Section 1011.
[ ]   (BY FACSIMILE TRANSMISSION)

        [ ]  I caused such documents to be transmitted via facsimile to the following facsimile number_____, to the offices indicated above.
[ ]   (BY EMAIL TRANSMISSION)
[ ]  I caused such documents to be transmitted via electronic mail in PDF format to the following email address:
Executed on March 16, 2011, at Henderson, Nevada.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

                                                  /s/ KENT L. IVEY
                                                KENT L. IVEY

1

**BY U.S. MAIL:**

2

3   TIFFANY & BOSCO. P.A.
    Gregory L. Wilde, Esq.
4   212 South Jones Boulevard
5   Las Vegas, NV 89107
    Attorney for Secured Creditors
6
    HSBC Bank
7   Po Box 5253
    Carol Stream, IL 60197
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28